UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATSUSHITA ELECTRIC INDUSTRIAL
CO., LTD.,
1006, Oaza-Kadoma, Kadoma City,
Osaka, Japan, and

VICTOR COMPANY OF JAPAN, LTD.,
3-12, Moriya-cho, Kanagawa-ku, Yokohama,
Kanagawa, Japan,

                Plaintiffs,

                v.

PAPST LICENSING GmbH & CO., KG,
Bahnhofstrasse 33
78112 St. Georgen, Germany,

                Defendant.

Civil Action No. 1:07-CV-01222 (GK)

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF PATENTS AND JURY DEMAND**

        Plaintiffs Matsushita Electric Industrial Co., Ltd. ("MEI") and Victor Company of Japan, Ltd. ("JVC"), bring this action against Papst Licensing GmbH & Co, KG ("Papst Licensing") for a declaration that MEI's and JVC's products do not infringe two patents purportedly owned by Papst Licensing, and a declaration that those two patents are invalid.

**Parties**

    1.    Plaintiff Matsushita Electric Industrial Co., Ltd. is a Japanese corporation with its principal place of business at 1006, Oaza-Kadoma, Kadoma City, Osaka, Japan.

    2.    Plaintiff Victor Company of Japan, Limited is a Japanese corporation with its principal place of business at 3-12, Moriya-cho, Kanagawa-ku, Yokohama, Kanagawa, Japan.

\\\LA - 088570/000009 - 354134 v3

3. MEI manufactures and sells a wide range of consumer electronics products, including digital cameras and camcorders sold under the Panasonic label.

4. JVC manufactures and sells a wide range of consumer electronics products, including digital camcorders.

5. Upon information and belief, Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

6. Upon information and belief, Papst Licensing does not manufacture or sell any consumer products. Its sole business is to acquire and attempt to license or enforce intellectual property rights.

**Patents-in-Suit**

7. Papst Licensing has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless of the Type of the I/O Device," which issued on October 22, 2002.

8. Papst Licensing has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which issued on May 17, 2005.

9. Papst Licensing has prosecuted continuations and divisional applications of the '399 and the '449 patents, including pending application No. 11/078,778.

10. Papst Licensing has told MEI, along with dozens of other companies, that if MEI does not license the '399 and the '449 patents, Papst Licensing will sue MEI for infringing those

\\\LA - 088570/000009 - 354134 v3

patents and subject MEI to costly patent litigation that will cause significant injury to MEI's business and reputation.  Papst Licensing has made these threats without conducting an appropriate analysis of MEI's digital cameras, camcorders, or other products it accuses of infringement and with knowledge that those products do not infringe the '399 and the '449 patents.

11. Papst Licensing has specifically accused MEI products of infringing the '399 patent and the '449 patent on several occasions.  For example, in a letter dated November 27, 2006, Papst Licensing accused several models of Panasonic digital cameras of infringing both patents.  Papst Licensing has repeated its accusations of infringement and threats of litigation during 2006 and 2007, including during meetings with MEI's representatives.

12. MEI has explained to Papst Licensing in detail on several different occasions why MEI's products do not infringe the '399 patent or the '449 patent, including, without limitation, during meetings in 2006 and 2007.

13. Notwithstanding the evidence that MEI's products do not infringe the '399 patent or '449 patent, Papst Licensing has continued to demand that MEI pay Papst Licensing royalties for use of the '399 and '449 patents.

14. MEI has refused to take a license to these patents on the ground that no such license is needed, because MEI's digital cameras, camcorders, and other products do not infringe the '399 and '449 patents.

15. Papst Licensing has also specifically accused JVC products of infringing the '399 patent and the '449 patent on several occasions.  For example, in a letter dated December 21, 2006, Papst Licensing accused a JVC digital camcorder of infringing both patents.  Papst Licensing has repeated its accusations of infringement and threats of litigation during 2007,

3

including during a meeting with JVC's representatives. Papst Licensing has made these threats and accusations without conducting an appropriate analysis of JVC's digital camcorders or other products it accuses of infringement.

16. Papst Licensing has continued to demand that JVC pay Papst Licensing royalties for use of the '399 and '449 patents.

17. JVC has refused to take a license to these patents on the ground that no such license is needed, because JVC's digital camcorders and other products do not infringe the '399 and '449 patents.

## Jurisdiction and Venue

18. This action arises under the Declaratory Judgment Act and the patent laws of the United States. See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq*.

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

20. Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

21. The '399 and the '449 patents are already being litigated in this District in two other matters. Specifically, Casio, Inc. filed an action against Papst Licensing seeking a declaratory judgment that the '399 and '449 patents are not infringed by Casio products and are invalid. That action is entitled *Casio v. Papst Licensing*, Case No. 1:06-cv-01751-GK. Fujifilm Corporation and Fujifilm U.S.A., Inc. also filed an action in this District seeking a declaratory judgment that the '399 and '449 patents are not infringed by Fujifilm products and are invalid. That action is entitled *Fujifilm Corp. and Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co., KG*, Case No. 1:07-cv-01118-GK.

22. This court has personal jurisdiction over Papst Licensing based, among other things, on its activities in this District. Papst's Licensing's business is to generate revenue by

obtaining and enforcing patents. Consistent with this model, Papst has obtained the '399 and '449 patents, and is presently attempting to enforce these same patents in this District against Casio Inc. and Casio Computer Co., Ltd. in *Casio Inc. v. Papst Licensing GmbH & Co., KG*.

23. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other hand, concerning Papst Licensing's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

## Count I
**(Declaratory Judgment of non-infringement and invalidity of the '399 patent)**

24. MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1 through 23 above as if fully set forth herein.

25. MEI has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is MEI, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

26. JVC has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '399 patent, nor is JVC, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

27. The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

28. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other hand, regarding the alleged infringement and validity of

\\\LA - 088570/000009 - 354134 v3

the '399 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

29. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to an award of their attorneys' fees.

### Count II
### (Declaratory Judgment of non-infringement and invalidity of the '449 patent)

30. MEI and JVC reallege and incorporate by reference their allegations in paragraphs 1 through 29 above as if fully set forth herein.

31. MEI has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is MEI, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

32. JVC has not directly infringed, contributed to infringement of, or induced infringement of any valid claim of the '449 patent, nor is JVC, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

33. The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

34. An actual and justiciable controversy exists between MEI and JVC, on the one hand, and Papst Licensing, on the other, regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst Licensing that MEI and JVC and/or their customers are or have been infringing the '399 patent.

\\\LA - 088570/000009 - 354134 v3

35. This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling MEI and JVC to an award of their attorneys' fees.

36. MEI expressly reserves the right to amend this Complaint to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents-in-suit that may issue after the date this complaint is filed.

**Prayer for relief**

WHEREFORE, MEI prays this Court for the following relief:

1. A declaration that MEI has not infringed, and is not infringing, the '399 or '449 patents;

2. A declaration that JVC has not infringed, and is not infringing, the '399 or '449 patents;

3. A declaration that MEI has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

4. A declaration that JVC has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the patents-in-suit that may hereafter issue;

5. A declaration that each of the claims of the '399 and '449 patents is invalid;

6. An injunction prohibiting Papst Licensing from alleging infringement of the '399 and '449 patents by MEI and its customers;

7. An injunction prohibiting Papst Licensing from alleging infringement of the '399 and '449 patents by JVC and its customers;

8. An award of damages that MEI and JVC have sustained;

9. A declaration that this case is exceptional under 35 U.S.C. § 285, and MEI and JVC should be awarded their reasonable attorney fees and costs incurred in connection with this action; and

10. Such other further relief as the Court deems just and proper.

## **Jury Demand**

Plaintiffs MEI and JVC demand a jury trial on all issues so triable.

Dated: July 23, 2007

HOGAN & HARTSON LLP

/s/  Adam K. Levin
Adam K. Levin (D.C. Bar No. 460362)
555 Thirteenth Street, NW
Washington, DC  20004
Telephone: (202) 637-6846
Telecopier: (202) 637-5910
E-Mail: aklevin@hhlaw.com

Of counsel:

Richard de Bodo  (Ca. Bar No. 128199)
Rachel M. Capoccia (Ca. Bar No. 187160)
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4694
Telecopier: (310) 785-4601
E-Mail: rdebodo@hhlaw.com
           rmcapoccia@hhlaw.com

ATTORNEYS FOR PLAINTIFFS
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD. AND VICTOR COMPANY OF JAPAN, LTD.