UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., and VICTOR COMPANY OF JAPAN, LIMITED, <br><br>               Plaintiffs, <br><br>    v. <br><br>PAPST LICENSING GMBH & CO. KG, <br><br>          Defendant. | Civil Action No. 1:07 CV 01222 <br><br>Judge:  Gladys Kessler |

### PAPST'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING A CONSOLIDATION DETERMINATION BY THE MDL PANEL

Papst Licensing GmbH & Co. KG ("Papst") respectfully seeks dismissal of the this case pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure due to lack of personal jurisdiction over Papst.

In the alternative, Papst seeks a stay of all proceedings in this case pending a determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") whether to consolidate this case with several other cases for pre-trial purposes.  Each of the six cases concerns whether the respectively accused digital cameras infringe the same two United States patents.  In another one of those six cases before this Court, *Casio Inc. v. Papst Licensing GmbH & Co. KG,* Case Action No. 1:06cv1751, this Court stayed all proceedings pending a determination by the MDL Panel whether to consolidate the cases.  (Casio Dkt. No. 77, 7/17/07 Order).

In accordance with Local Rule 7(m), counsel for Papst conferred with opposing counsel concerning this motion.  Opposing counsel stated that Plaintiffs disagree with Papst about the issue of personal jurisdiction, but that Plaintiffs join Papst in seeking a stay of all proceedings pending the MDL Panel determination.

A proposed order and a memorandum in support of the motion accompany this motion.

For the foregoing reasons and those in the accompanying memorandum, Papst requests that the Court grant this motion to dismiss due to lack of personal jurisdiction or, in the alternative, to stay all proceedings pending a determination by the MDL Panel whether to consolidate this case with five other cases for pre-trial purposes.

Date: August 23, 2007                            Respectfully submitted,

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

*Counsel for Papst Licensing GmbH & Co. KG*

Of Counsel:
Jerold B. Schnayer
John L. Ambrogi
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing **Papst's Motion To Dismiss or, in the Alternative, To Stay Proceedings Pending A Consolidation Determination By The MDL Panel** was served upon the following counsel for Plaintiffs Matsushita Electric Industrial Co., Ltd. and Victor Company of Japan, Limited through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 23rd day of August 2007:

HOGAN & HARTSON LLP

Adam K. Levin
555 Thirteenth Street NW
Washington, D.C. 20004

Richard de Bodo
Rachel M. Capoccia
1999 Avenue of the Stars
Suite 1400
Los Angeles, California  90067

Campbell Killefer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., and VICTOR COMPANY OF JAPAN, LIMITED, | |
| Plaintiffs, | Civil Action No. 1:07 CV 01222 |
| v. | Judge: Gladys Kessler |
| PAPST LICENSING GMBH & CO. KG, | |
| Defendant. | |

**PAPST'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
OR, IN THE ALTERNATIVE,
TO STAY PROCEEDINGS PENDING A CONSOLIDATION DETERMINATION BY THE MDL PANEL**

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Counsel for Papst Licensing GmbH & Co. KG

Of Counsel:
Jerold B. Schnayer
John L. Ambrogi
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500

## I.    No Personal Jurisdiction Over Papst

Papst Licensing GmbH & Co. KG ("Papst") seeks dismissal of this case pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure due to lack of personal jurisdiction over Papst.

### A.    Plaintiffs Bear the Burden of Establishing Personal Jurisdiction

"Plaintiffs bear the burden of establishing personal jurisdiction over defendant. In order to meet their burden, plaintiffs must allege specific facts on which personal jurisdiction can be based; they cannot rely on conclusory allegations. [citations omitted]. When considering personal jurisdiction, the Court need not treat all of the plaintiffs' allegations as true. Instead, the court 'may [also] receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts.' [citations omitted]." *FC Investment Group LC v. IFX Markets, Ltd.*, 479 F.Supp.2d 30 (D.D.C. 2007).

### B.    There is No General Jurisdiction Over Papst

There is no general jurisdiction over Papst in the District of Columbia pursuant to D.C. Code §13-422 or §13-334(a). Papst is a German company that is located in St. Georgen, Germany. It has never had a place of business in the District of Columbia. It has never had any employees in the District of Columbia. It has never had a mailing address in the District of Columbia. It has never owned, operated or managed any entity located or doing business in the District of Columbia. It has never had a registered agent authorized for receipt of service in the District of Columbia. It has never owned property in the District of Columbia. It has never been an affiliate of any District of Columbia entity or individual. It has never done systematic and continuous business in the District of Columbia. **Ex. 1, ¶2.** There is no general jurisdiction over Papst in the District of Columbia. *See e.g. FC Investment*, 479 F.Supp.2d at 36; *Capital Bank International Ltd. v. Citigroup, Inc.*, 276 F.Supp.2d 72, 75 (D.D.C. 2003).

**C.**    **There is No Specific Jurisdiction Over Papst**

There is no specific jurisdiction over Papst in the District of Columbia pursuant to D.C. Code §13-423 or §13-334(b).  Such personal jurisdiction exists only for a claim arising from acts enumerated in the statute, and the exercise of such jurisdiction must comply with constitutional due process.  *See e.g. FC Investment*, 479 F.Supp.2d at 38-39; *Medical Solutions, Inc. v. C Change Surgical LLC*, 468 F.Supp.2d 130, 133 (D.D.C. 2006); *Capital Bank*, 276 F.Supp.2d at 75.  Federal Circuit law applies to the federal due process inquiry.  *Hildebrand v. Steck Manufacturing Company, Inc.*, 279 F.3d 1351, 1355 (Fed. Cir. 2002).  Due process requires that "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair."  *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006).

The First Amended Complaint ("FAC") in this case seeks a declaratory judgment of noninfringement of two Papst patents.  (Dkt. No. 6).  The FAC alleges that the plaintiffs are Japanese companies with principal places of business in Japan (Dkt. No. 6, FAC, ¶¶1-2), and that Papst contacted plaintiff Matsushita Electric Industrial Co., Ltd. ("MEI") to determine whether MEI was willing to purchase a license under the two Papst patents that are the subject of this action (Dkt. No. 6, FAC, ¶¶10-11).  In general, a patentee merely contacting a prospective licensee to determine if it is willing to purchase a license does "not create a constitutionally adequate basis for personal jurisdiction."  *Hildebrand*, 279 F.3d at 1356.

Furthermore, in this case, those contacts between Papst and MEI were in Japan.  The negotiations between Papst and MEI had no connection with the District of Columbia.  **Ex. 1**, ¶3. There is no personal jurisdiction because Papst has not "purposely established minimum

contacts" in the District of Columbia, or "purposely availed itself of the privilege of conducting business" there. *FC Investment*, 479 F.Supp.2d at 38-39. "'The claim itself must have arisen from business transacted in the District of Columbia or there is no jurisdiction.'" *Id.* at 39 [citation omitted]. In this case, there was no such business and there is no personal jurisdiction.

**D.    Plaintiffs' Personal Jurisdiction Allegation in the Complaint is Irrelevant**

The only personal jurisdictional fact alleged in the FAC is that Papst is presently attempting to enforce the patents in issue in this case against a third-party in a separate case in this district (06-CV-01751), *Casio Inc. v. Papst Licensing GmbH & Co. KG.* (Dkt. No. 6, FAC, ¶22). However, this allegation is irrelevant to the issue of whether this Court may exercise personal jurisdiction over Papst in this case.

1)    A claim in this case did not arise from Papst making a counterclaim in the *Casio* case.

2)    Making a counterclaim in the *Casio* case does not amount to conducting business, let alone systematic and continuous business.

3)    Papst has never been a party to any lawsuit in a local court of the District of Columbia (**Ex. 1**, ¶2), and has never invoked the benefits and the protections of the laws of the District of Columbia. *See FC Investment*, 479 F.Supp.2d at 39.

4)    Papst has never initiated a lawsuit in the U.S. District Court for the District of Columbia. (**Ex. 1**, ¶2). In the *Casio* case, Casio sued Papst for a declaratory judgment of noninfringement of Papst patents, and Papst's claim against Casio was a compulsory counterclaim for infringement of those patents. Papst did not choose the forum, and Papst did not invoke the laws of the District of Columbia. Papst was compelled to

counterclaim, and it invoked the patent law of the United States. *See* Fed.R.Civ.P. 13(a); Casio Dkt. No. 4.

In the past, Papst had been subject to personal jurisdiction in the U.S. District Court for the District of Columbia, not due to any affirmative act on Papst's part and not due to any connection with the District of Columbia, but only through the default provision in the long arm section of the patent statute. That section constructively subjected Papst to personal jurisdiction by the U.S. District Court for the District of Columbia if Papst failed to designate someone in the United States for service of process. 35 U.S.C. §293. Consequently, Papst has been a declaratory judgment defendant in some federal cases in the District of Columbia that were related to Papst's U.S. patents, including the *Casio* case. However, prior to the commencement of this case, Papst designated a person residing in the Northern District of Illinois for service of process in accordance with §293 for each of the patents in issue. **Ex. 2**. Therefore, the default provision of §293 no longer applied, and that statute does not provide for this Court's jurisdiction over Papst in this case. The initial complaint in this case asserted personal jurisdiction based on §293. (Dkt. No. 1, ¶20). After learning that §293 did not apply, Plaintiffs amended their complaint instead of dismissing it, which is what they should have done. Even under the FAC, Plaintiffs cannot satisfy their burden of establishing personal jurisdiction over Papst.

## II. In the Alternative, This Case Should Be Stayed Pending the MDL Panel's Determination on Consolidation

In the alternative to dismissing this case now, Papst seeks a stay of all proceedings pending a determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") whether to consolidate this case with five other cases for pre-trial purposes. Plaintiffs join Papst in seeking this stay pending the MDL Panel determination. **Ex. 3.**

This case is one of six pending cases that concern whether the respectively accused digital cameras infringe the same two United States patents (the Tasler patents) owned by Papst, and that concern the validity of those two patents. Three of the six cases are pending before this Court:

> *District of Columbia*
> *Casio Inc. v. Papst Licensing GmbH & Co. KG, Case Action No. 1:06cv1751, Judge Kessler*

> *District of Columbia*
> *Fujifilm Corp., Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co. KG, Case Action No. 1:07cv01118, Judge Kessler*

> *District of Columbia*
> *Matsushita Electric Industrial Co., Ltd., Victor Company of Japan, Ltd. v. Papst Licensing; Civil Action No. 07cv01222, Judge Kessler*

Three of the six cases are pending before other courts:

> *Northern District of Illinois*
> *Papst Licensing GmbH & Co. KG v. Fujifilm Corp., Fujifilm U.S.A. Inc., Case No. 07cv3401, Judge Holderman*

> *Central District of California, Western Division*
> *Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., Samsung Opto-Electronics American, Inc.; Civil Action No. 07cv4249, Judge Anderson Assigned*

> *District of Delaware*
> *Papst Licensing GmbH & Co., KG v. Olympus Corp., Olympus Imaging America Inc., Civil Action No. 07cv0415, Vacant Judgeship*

The purpose of seeking consolidation for pre-trial proceedings is to minimize duplicative litigation and inconsistent rulings. *See e.g. In re Triax Co. Patent Litigation*, 385 F.Supp. 590, 591 (J.P.M.L. 1974). The MDL Panel has assigned the Docket Number MDL-1880 and the Caption *In re Papst Licensing Digital Camera Patent Litigation*. The consolidation motion is scheduled for oral argument before the MDL Panel on September 27, 2007.

In the related *Casio* case, this Court stayed all proceedings pending a determination by the MDL Panel whether to consolidate the cases. (Casio Dkt. No. 77, 7/17/07 Order).

At a hearing in the Northern District of Illinois on July 10, 2007 to transfer the related *Fujifilm* case under 28 U.S.C. §1404(a), Judge Holderman effectively stayed all proceedings in that case until a status conference on October 2, 2007. He did so specifically because that October date is shortly after the expected time of a decision by the MDL Panel. (**Ex. 4**, transcript of 7/10/07 hearing).

In the related *Samsung* case in the Central District of California, Samsung submitted an uncontested motion to stay all proceedings pending the determination by the MDL Panel. Judge Anderson has not yet ruled on that July 23, 2007 motion.

Papst has sought a stay of all proceedings in the related *Olympus* case in the District of Delaware, pending the determination by the MDL Panel.

Papst has conferred with opposing counsel in the related *Fujifilm* case before this Court, and have learned that Fujifilm does not oppose a stay.

"[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F.Supp.

1358, 1362 (C.D.Calif. 1997) (citations omitted) (granting motion to stay pending decision by MDL Panel).

## CONCLUSION

For the foregoing reasons, Papst requests that the Court grant this motion to dismiss due to lack of personal jurisdiction or, in the alternative, to stay all proceedings pending a determination by the MDL Panel whether to consolidate this case with the five other cases for pre-trial purposes.

Date: August 23, 2007                    Respectfully submitted,

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

*Counsel for Papst Licensing GmbH & Co. KG*

Of Counsel:
Jerold B. Schnayer
John L. Ambrogi
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Papst's Memorandum In Support Of Its Motion To Dismiss or, in the Alternative, To Stay Proceedings Pending A Consolidation Determination By The MDL Panel** was served upon the following counsel for Plaintiffs Matsushita Electric Industrial Co., Ltd. and Victor Company of Japan, Limited through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 23rd day of August 2007:

HOGAN & HARTSON LLP

Adam K. Levin
555 Thirteenth Street NW
Washington, D.C. 20004

Richard de Bodo
Rachel M. Capoccia
1999 Avenue of the Stars
Suite 1400
Los Angeles, California  90067

_____
Campbell Killefer

# EXHIBIT 1

Papst's Motion to Dismiss
Or, in the Alternative, to Stay

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATSUSHITA ELECTRIC INDUSTRIAL
CO., LTD., and VICTOR COMPANY OF
JAPAN, LTD.,

               Plaintiffs,

        v.

PAPST LICENSING GMBH & CO. KG,

               Defendant.

Civil Action No. 1:07-CV-01222

Judge:  Gladys Kessler

## DECLARATION OF TOBIAS KESSLER

I, Tobias Kessler, declare as follows:

    1.     I am a German attorney.  Papst Licensing GmbH & Co. KG (hereinafter "Papst") is a defendant in the captioned action.  At all times pertinent to the captioned action, I have been the in-house counsel of Papst.

    2.     Papst has always been a German company that is located in Germany.  It has always been in the business of obtaining and licensing patents, and it has always had fewer than 20 employees.  It has never had a place of business in the District of Columbia.  It has never had any employees in the District of Columbia.  It has never had a mailing address in the District of Columbia.  It has never owned, operated or managed any entity located or doing business in the District of Columbia.  It has never had a registered agent authorized for receipt of service in the District of Columbia.  It has never owned property in the District of Columbia.  It has never done systematic and continuous business in the District of Columbia.  It has never been a party to any lawsuit in a local court of the District of Columbia.  It has never initiated a lawsuit in the U.S.

1

District Court for the District of Columbia, though it has been sued in that court in connection with U.S. patents owned by Papst and has filed related counterclaims in some of those actions. It has retained legal counsel in the District of Columbia. It has never been an affiliate of any District of Columbia entity or individual. The above statements of fact are based on my personal knowledge since I started working for Papst in 1998, and based on my information and belief regarding the few years that Papst existed before I started working for Papst.

3.    The captioned declaratory judgment action arises out of Papst's contacts in Japan with plaintiff Matushita Electric Industrial Co., Ltd. (hereinafter "MEI"), to determine whether MEI was willing to purchase a license under certain patents owned by Papst that are the subject of the captioned action. Those negotiations between Papst and MEI had no connection with the District of Columbia.


I declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 16, 2007.

Tobias Kessler

2

# EXHIBIT 2

Papst's Motion to Dismiss
Or, in the Alternative, to Stay

27. Juni 2007 23:20    WPAPST LICENSING GMBH & CO. KG                    Nr. 4964   S. 1

WELSH & KATZ

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| U.S. Patent Number: | 6,895,449 B2 | ) |
| | | ) |
| Issue Date: | May 17, 2005 | ) |
| | | ) |
| First Named Inventor: | Michael Tasler, | ) |
| | Wurzburg (DE) | ) |
| | | ) |
| Title of Invention: | FLEXIBLE INTERFACE FOR | ) |
| | COMMUNICATION BETWEEN | ) |
| | A HOST AND AN ANALOG I/O | ) |
| | DEVICE CONNECTED TO THE | ) |
| | INTERFACE REGARDLESS THE | ) |
| | TYPE OF I/O DEVICE | ) |
| | | ) |
| Attorney Docket Number: | 9576/96908 | ) |

## DESIGNATION OF DOMESTIC REPRESENTATIVE
## PURSUANT TO 35 USC §293 AND 37 CFR §3.61

       Papst Licensing GmbH & Co. KG, the assignee of the above-identified patent, hereby designates the following as Domestic Representative upon whom notice or process in proceedings affecting the above-identifed patent may be served at the following address:

          Jerold B. Schnayer, Esq.
          Welsh & Katz, Ltd.
          120 South Riverside Plaza, 22nd Floor
          Chicago, Illinois 60606
          Telephone (312) 655-1500
          Facsimile (312) 655-1501
          E-mail jbschnayer@welshkatz.com

Papst Licensing GmbH & Co. KG

By: _CPapst_

Title: _Senior Manager Finance_

Date: _06/27/07_

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 1917904 |
| **Application Number:** | 10219105 |
| **International Application Number:** | |
| **Confirmation Number:** | 6042 |
| **Title of Invention:** | FLEXIBLE INTERFACE FOR COMMUNICATION BETWEEN A HOST AND AN ANALOG I/O DEVICE CONNECTED TO THE INTERFACE REGARDLESS THE TYPE OF THE I/O DEVICE |
| **First Named Inventor/Applicant Name:** | Michael Tasler |
| **Correspondence Address:** | Jeffrey W Salmon Esq<br>Welsh & Katz Ltd<br>120 S Riverside Plaza 22nd Floor<br>-<br>Chicago                    IL                    60606<br>US          312-655-1500<br>jwsalmon@welshkatz.com |
| **Filer:** | Jeffrey W. Salmon/Maura Halvey |
| **Filer Authorized By:** | Jeffrey W. Salmon |
| **Attorney Docket Number:** | 9576/96908 |
| **Receipt Date:** | 27-JUN-2007 |
| **Filing Date:** | 15-AUG-2002 |
| **Time Stamp:** | 18:07:14 |
| **Application Type:** | Utility |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Power of Attorney | 6895449DesignationofDomesticRep.pdf | 48374 | no | 1 |

| Warnings: |
|---|

| Information: |
|---|

| Total Files Size (in bytes): | 48374 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

27. Juni 2007 23:21    PAPST LICENSING GMBH & CO. KG    NNr. 4964  pS. 2

WELSH & KATZ

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| U.S. Patent Number: | 6,470,399 B1 | ) |
| | | ) |
| Issue Date: | Oct. 22, 2002 | ) |
| | | ) |
| First Named Inventor: | Michael Tasler, | ) |
| | Wurzburg (DE) | ) |
| | | ) |
| Title of Invention: | FLEXIBLE INTERFACE FOR | ) |
| | COMMUNICATION BETWEEN | ) |
| | A HOST AND AN ANALOG I/O | ) |
| | DEVICE CONNECTED TO THE | ) |
| | INTERFACE REGARDLESS THE | ) |
| | TYPE OF I/O DEVICE | ) |
| | | ) |
| Attorney Docket Number: | 9576/96909 | ) |

### DESIGNATION OF DOMESTIC REPRESENTATIVE
### PURSUANT TO 35 USC §293 AND 37 CFR §3.61

Papst Licensing GmbH & Co. KG, the assignee of the above-identified patent, hereby designates the following as Domestic Representative upon whom notice or process in proceedings affecting the above-identifed patent may be served at the following address:

Jerold B. Schnayer, Esq.
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Telephone (312) 655-1500
Facsimile (312) 655-1501
E-mail jbschnayer@welshkatz.com

Papst Licensing GmbH & Co. KG

By: _Papst_

Title: _Senior Manager Finance_

Date: _06/27/07_

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 1917870 |
| **Application Number:** | 09331002 |
| **International Application Number:** | |
| **Confirmation Number:** | 1117 |
| **Title of Invention:** | FLEXIBLE INTERFACE FOR COMMUNICATION BETWEEN A HOST AND AN ANALOG I/O DEVICE CONNTECTED TO THE INTERFACE REGARDLESS THE TYPE OF THE I/O DEVICE |
| **First Named Inventor/Applicant Name:** | MICHAEL  TASLER |
| **Correspondence Address:** | Jeffrey W Salmon Esq<br>Welsh & Katz Ltd<br>120 S Riverside Plaza  22nd Floor<br>-<br>Chicago                          IL              60606<br>US          312-655-1500<br>jwsalmon@welshkatz.com |
| **Filer:** | Jeffrey W. Salmon/Maura Halvey |
| **Filer Authorized By:** | Jeffrey W. Salmon |
| **Attorney Docket Number:** | 9576/96909 |
| **Receipt Date:** | 27-JUN-2007 |
| **Filing Date:** | 14-JUN-1999 |
| **Time Stamp:** | 18:03:18 |
| **Application Type:** | U.S. National Stage under 35 USC 371 |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Power of Attorney | 6470399DesignationofDomesticRep.pdf | 48540 | no | 1 |

| Warnings: |
|---|

| Information: |
|---|

| Total Files Size (in bytes): | 48540 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# EXHIBIT 3

Papst's Motion to Dismiss
Or, in the Alternative, to Stay



# HOGAN & HARTSON

Hogan & Hartson LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
+1.310.785.4600 Tel
+1.310.785.4601 Fax

www.hhlaw.com

August 21, 2007

Rachel M. Capoccia
Counsel
1.310.785.4744
rmcapoccia@hhlaw.com

**VIA E-MAIL**

John L. Ambrogi
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606-3912

      Re:    *Matsushita Electric Industrial, Co., Ltd., et al. v. Papst Licensing GmbH & Co.*

Dear John:

I am responding to Papst Licensing's request that MEI and JVC agree to a stay of the action we filed in D.C. District Court pending the MDL Panel's decision on Papst Licensing's motion to transfer. MEI and JVC are amenable to Papst Licensing's request, and are willing to stipulate to a request for a stay.

As you know, the parties disagree as to the issue of personal jurisdiction in the pending D.C. action. Once the MDL Panel issues its decision, MEI and JVC suggest that the parties meet and confer at that time, if appropriate, to attempt to resolve any remaining issue.

Sincerely,

Rachel M. Capoccia

Rachel M. Capoccia

# EXHIBIT 4

Papst's Motion to Dismiss
Or, in the Alternative, to Stay

1              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
2                    EASTERN DIVISION

3

4  PABST LICENSING GmbH & Co.    )
    KG,                      )
5                       )   Docket No. 07 C 3401
             Plaintiff,    )
6                      )
          vs.               )
7                      )   Chicago, Illinois
    FUJIFILM Corportion, and    )   July 10, 2007
8    FUJIFILM U.S.A., Inc.,      )   10:00 a.m.
                      )
9           Defendants.    )

10            TRANSCRIPT OF PROCEEDINGS - Motion
11        BEFORE THE HONORABLE JAMES F. HOLDERMAN

12  APPEARANCES:
13

14  For the Plaintiff:      WELSH & KATZ, LTD.
                      BY:  MR. RICHARD W. McLAREN, JR.
15                      MR. JEROLD B. SCHNAYER
                      MR. JOHN ARON CARNAHAN
16                      120 South Riverside Plaza, 22nd Floor
                      Chicago, Illinois  60606
17

18  For the Defendants:     McDERMOTT, WILL & EMERY, LLP
                      BY:  MR. MATTHEW JOSEPH GRYZLO
19                      227 West Monroe Street, Suite 4400
                      Chicago, Illinois  60606
20

21

22

23  Court Reporter:        FRANCES WARD, CSR, RPR, FCRR
                      Official Court Reporter
24                      219 S. Dearborn Street, Suite 2118
                      Chicago, Illinois  60604
25                      (312) 435-5561
                      frances_ward@ilnd.uscourts.gov

1       THE CLERK:  07 C 3401, Papst v. Fujifilm.  Motion

2   to dismiss.

3       MR. McLAREN:  Your Honor, Richard McLaren, Jerold

4   Schmayer, and Aron Carnahan on behalf of Papst Licensing.

5       THE COURT:  Good morning.

6       MR. GRYZLO:  Good morning, your Honor.  Matthew

7   Gryzlo on behalf of defendants Fujifilm Corporation and

8   Fujifilm U.S.A.

9       THE COURT:  Good morning.

10      This is up on defendants' motion to dismiss or, in

11  the alternative, to transfer the action to the United States

12  District Court for the District of Columbia.

13      How much time is desired by plaintiff to respond?

14      MR. McLAREN:  Well, your Honor, we would ask that

15  you reset it for a status on October 2nd for exactly the

16  reason that you just discussed with the prior case.

17      Yesterday afternoon we filed a motion with the MDL

18  panel as a result of five pending cases, five around the

19  country -- L.A., Chicago, DC, et cetera -- all involving the

20  same patents, different defendants, including this one, your

21  Honor.  The MDL panel oral schedule is set for July, as you

22  just heard.  There is none in August.  And there will be one

23  in September.  It hasn't been scheduled yet.

24      THE COURT:  So you are hoping to make the September

25  date.

1       MR. McLAREN:  Yes.  We would expect we would.

2  Where the MDL panel has been presented with multiple patent

3  cases involving the same patent all over the country, they

4  have very routinely granted multidistrict treatment.

5       I should add, your Honor, that our office had one

6  of these a couple years ago, and the multidistrict panel sent

7  it to New Orleans because their docket was smaller.  There

8  was no case pending in New Orleans.  So I don't think anyone

9  can predict where it will go, in answer to your Honor's

10  question.

11       THE COURT:  Okay.

12       MR. McLAREN:  I have a copy for your Honor's

13  chambers, if you want it, of the MDL filing.

14       THE COURT:  If you do, if you could just -- you

15  need not file it in the record, but I would like to review

16  it.

17       MR. McLAREN:  We overnighted it last night to the

18  Clerk of Courts for the Northern District of Illinois as we

19  did with all the other districts.  So the Clerk of Court has

20  got it downstairs already, but we didn't try to get it to you

21  yesterday at 4:30.

22       THE COURT:  That's all right.

23       What's the other side's position?

24       MR. GRYZLO:  Well, your Honor, obviously it's

25  entirely up to you.  We would like to see this matter

Case 1:07-cv-01222-RMC    Document 7-3    Filed 08/23/2007    Page 17 of 18
Case 1:06-cv-01751-GK-DAR    Document 69-3    Filed 07/13/2007    Page 5 of 6

4

1    resolved, but we know that something is going to happen with

2    the MDL panel.

3          THE COURT:  Why don't we do this then.  I am going

4    to take the motion to dismiss or, in the alternative, to

5    transfer the action to the District of Columbia under

6    advisement, and we will set the case for further status on

7    October 2.  Hopefully we will have a determination by the MDL

8    panel.

9          Where are they sitting in September?  Does anybody

10   know?

11         MR. McLAREN:  I don't know, your Honor.

12         THE COURT:  They always like to pick locations that

13   are --

14         MR. McLAREN:  Do you know?

15         MR. GRYZLO:  I have no idea.

16         THE COURT:  -- that are comfortable.

17         (Laughter.)

18         THE COURT:  All right.  Well, come in on October 2

19   even if we don't get a ruling or haven't gotten a ruling and

20   we can take things from there.  But at least you will be able

21   to apprise me, and I appreciate your keeping me attuned as to

22   what's going on.

23         MR. McLAREN:  We fullly expect it will be

24   consolidated.

25         If it isn't, your Honor, we are going to need

Case 1:07-cv-01222-RMC    Document 7-3    Filed 08/23/2007    Page 18 of 18
Case 1:06-cv-01751-GK-DAR    Document 69-3    Filed 07/13/2007    Page 6 of 6

5

1    preliminary discovery into the jurisdictional issue, but you

2    don't need to do anything now.  We can do that in October.

3              THE COURT:  Okay.

4              MR. McLAREN:  Thank you, your Honor.

5              MR. GRYZLO:  Thank you, your Honor.

6              THE COURT:  Thank you.

7                         *    *    *    *    *

8    I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.

9

10   F                                    July 10              , 2007.
     Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATSUSHITA ELECTRIC INDUSTRIAL
CO., LTD., and VICTOR COMPANY OF
JAPAN, LIMITED,

               Plaintiffs,

     v.

PAPST LICENSING GMBH & CO. KG,

             Defendant.

Civil Action No. 1:07 CV 01222

Judge:  Gladys Kessler

### [PROPOSED] ORDER GRANTING PAPST MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY

Upon consideration of the motion of Defendant Papst Licensing Gmbh & Co. KG to dismiss for lack of personal jurisdiction or, in the alternative, for a stay of all proceedings in this action pending a determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") whether to consolidate this case with several other cases for pre-trial purposes, and upon consideration that Plaintiffs join Papst in seeking the stay, it is hereby

**ORDERED** that all proceedings are stayed pending a determination by the MDL Panel of Papst's motion for consolidation that is currently pending before the MDL Panel.

Dated: August _____, 2007

                           _____
                           Gladys Kessler
                           United States District Judge