UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATSUSHITA ELECTRICAL INDUSTRIAL CO, LTD., and VICTOR COMPANY OF JAPAN, LTD.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>　　　　　Defendant. | Civil Action No. 1:07 CV 01222<br><br><br>Judge:  Gladys Kessler |

## PAPST LICENSING'S NOTICE OF RULING FROM THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

　　　　　　　　　　　　　Robert F. Muse (Bar No. 166868)
　　　　　　　　　　　　　Joshua Levy (Bar. No. 475108)
　　　　　　　　　　　　　STEIN, MITCHELL & MEZINES LLP
　　　　　　　　　　　　　1100 Connecticut Ave., NW
　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　(202) 737-7777


　　　　　　　　　　　　　Jerold B. Schnayer
　　　　　　　　　　　　　WELSH & KATZ, LTD.
　　　　　　　　　　　　　120 South Riverside Plaza • 22nd Floor
　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　(312) 655-1500
　　　　　　　　　　　　　**Attorneys for Defendant**

On August 23, 2007, this Court granted a stay of this action because the Judicial Panel on Multidistrict Litigation had been requested to consolidate this patent action with several other patent actions concerning the same two patents.  Please be advised that, on November 6, 2007, Papst Licensing first received notice that its requested consolidation of the related actions has been granted, and that the related actions are to be transferred to Judge Rosemary M. Collyer of the United States District Court for the District of Columbia for coordinated and consolidated pretrial proceedings.  A copy of the Judicial Panel's Order is attached hereto as Exhibit A. Although the Court Order states that only five actions are to be transferred, it appears that the Court inadvertently did not include this sixth action that was also requested to be transferred. Papst Licensing notes that the Panel did recognize that Matsushita Electric Industrial Co., Ltd. was a respondent to the requested transfer. Accordingly, it would appear that the transfer order applies to this *Matsushita* case as well.  The transfer order also applies to the following two other actions pending before U.S. District Court Judge Kessler: *Casio Inc. v. Papst Licensing GmbH & Co., KG,* 06-cv-1751; and *Fuji Film Corporation and Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co., KG,* 07-cv-1118.

Dated:  November 12, 2007

/s/ Robert F. Muse
Robert F. Muse (Bar No. 166868)
Joshua Levy (Bar. No. 475108)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Ave., NW
Washington, D.C. 20036
(202) 737-7777

Jerold B. Schnayer
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
 (312) 655-1500
**Attorneys for Defendant**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served upon the following counsel for Plaintiffs Matshushita Electrical Industrial Co., Ltd., and Victor Company of Japan, Ltd. through the Court's ECF electronic service and U.S. First Class mail, postage prepaid, this 12th day of November, 2007:


HOGAN & HARTSON LLP

Adam K. Levin
555 Thirteenth St. NW
Washington, D.C. 20004

Richard de Bodo
Rachel M. Capoccia
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
**Counsel for Plaintiffs Matsushita Electrical Industrial Co., Ltd., and Victor Company of Japan, Ltd.**


                                            <u>Robert F. Muse</u>
                                            Robert F. Muse

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

10:43 am, Nov 05, 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PAPST LICENSING DIGITAL CAMERA
PATENT LITIGATION

MDL No. 1880

TRANSFER ORDER

**Before the entire Panel:** Common party Papst Licensing GmbH & Co. KG (Papst) has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois. This litigation currently consists of five actions listed on Schedule A, two actions in the District of District of Columbia and an action each in the District of Delaware, the Northern District of Illinois, and District of New Jersey.[1] No responding party[2] opposes centralization; however, all responding parties suggest centralization in the District of District of Columbia.

On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual allegations regarding digital cameras made by certain manufacturers, which Papst claims infringe two of its patents; the validity and enforceability of these patents is at issue in all five actions. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of District of Columbia is an appropriate transferee forum in this docket. The first-filed action (*Casio*) has been pending in the District of District of Columbia for about a year, and discovery has progressed further in *Casio* than in any other action. In addition, a transferee forum on the east coast such as the District of District of Columbia provides a geographically convenient forum, inasmuch as several of the alleged infringers operate their businesses from this region.

---

[1] This action was originally filed in the Central District of California but was transferred, pursuant to 28 U.S.C. § 1404, to the District of New Jersey after the Panel's hearing of this matter.

[2] Casio, Inc.; Casio Computer Co., Ltd.; Fujifilm Corp.; Fujifilm USA, Inc.; Matsushita Electric Industrial Co., Ltd.; Olympus Corp.; Olympus Imaging America, Inc.; Samsung Opto-Electronics America, Inc.; Samsung Techwin Co.; and Victor Co. of Japan, Ltd.

EXHIBIT A

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Rosemary M. Collyer for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen         J. Frederick Motz
Robert L. Miller, Jr.    Kathryn H. Vratil
David R. Hansen          Anthony J. Scirica

EXHIBIT A

IN RE: PAPST LICENSING DIGITAL CAMERA
PATENT LITIGATION                                   MDL No. 1880

## SCHEDULE A

### District of District of Columbia

Casio, Inc. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:06-1751
Fujifilm Corp., et al. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:07-1118

### District of Delaware

Papst Licensing GmbH & Co. KG v. Olympus Corp., et al., C.A. No. 1:07-415

### Northern District of Illinois

Papst Licensing GmbH & Co. KG v. Fujifilm Corp., et al., C.A. No. 1:07-3401

### District of New Jersey

Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., et al., C.A. No. 2:07-4940

EXHIBIT A