Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue -- Suite 1102
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter-Defendant Casio
Inc. and Counter-Defendant Casio Computer Co., Ltd.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CASIO INC.,**<br><br>　　　　　　**Plaintiff**<br><br>v.<br><br>**PAPST LICENSING GMBH & CO. KG**<br><br>　　　　　　**Defendant.** | Case No. 1:06-CV-01751 |
| **PAPST LICENSING GMBH & CO. KG,**<br>　　　　　　**Counter-Plaintiff**<br><br>v.<br><br>**CASIO INC. and CASIO COMPUTER CO., LTD.**<br>　　　　　　**Counter-Defendants** | **Judge: Gladys Kessler**<br>**Magistrate Judge: Deborah Robinson**<br><br>**Next status conference: December 4, 2007** |

**<u>CASIO'S MEMORANDUM IN OPPOSITION TO PAPST'S MOTION FOR A PROTECTIVE ORDER</u>**

Casio's interrogatory 4, served on March 2, sought information concerning Papst's negotiations on the patents-in-suit with dozens of companies. Among other things, this information will dictate whether the Welsh & Katz firm should be disqualified from its representation of Papst in this litigation. Because Papst has not properly responded to that interrogatory, Casio's anticipated motion for disqualification has been delayed. If Welsh & Katz is disqualified, as Casio believes should be the case, then this protective order issue becomes moot, and Casio will not need to risk disclosing its confidential technical information into the hands of a law firm that has already violated two Court orders, and that is prosecuting patent applications that Papst intends to cover the Casio technology.

If the Welsh & Katz firm is not disqualified, the protective order proposed by Papst is not sufficient to protect Casio's confidential information, and would create an administrative nightmare for the Court. In the event the Court denies disqualification, Casio's Proposed Protective Order is attached as Exhibit A.

## I.   CORRECTED FACTS

It is necessary at the outset to correct two of the misstatements in the Papst memorandum:

1) Papst statement, page 1 (emphasis added): "Casio insists that Welsh & Katz, Ltd. . . . should be denied access to **all** Casio confidential information in this case." Correct facts: Casio produced thousands of pages of confidential sales and marketing materials, and long ago advised Papst that it only objects to Welsh & Katz attorneys seeing confidential **technical** information.

2) Papst statement, page 1: "Casio's sole reason for seeking to preclude the *entire* law firm of Welsh & Katz, Ltd. from confidential information is that a single Welsh & Katz, Ltd. attorney, Mr. Salmon, is prosecuting three continuation patent applications related to the Patents-

In-Suit." <u>Correct facts</u>: Casio seeks to preclude the Welsh & Katz firm from accessing Casio confidential technical information because that firm is prosecuting the applications with input from the Papst litigators,[1] and because the Welsh & Katz firm should be disqualified from any representation in this case because its lawyers must be witnesses in this case.

## II. THE PROTECTIVE ORDER IS INTERTWINED WITH DISQUALIFICATION

It is likely that the Welsh & Katz lawyers should be disqualified from this litigation because they will be central witnesses in the damages phase of this case. The Welsh & Katz attorneys have been leading the licensing negotiations for these very patents, including the royalty payments, and have personally negotiated with dozens of companies. These negotiations will be important to damages.[2] The testimonies of the Welsh & Katz attorneys will be adverse to the Papst position and the position they must take as advocates. Papst will seek a high royalty but it is believed that the Welsh & Katz attorneys will testify under oath that they gave up on such a high royalty rate for at least some companies. Accordingly, disqualification pursuant to Rules 1.7(a) and 3.7 of the District of Columbia Rules of Professional Conduct is a strong possibility, depending in part on discovery improperly withheld by Papst.

Unfortunately, despite two Court orders and the Casio requests that have been outstanding for more than four months, Papst still refuses to produce the discovery Casio needs to properly address the disqualification issue. *See* our pending motion for sanctions (docket

---

[1] *See, e.g.,* Exhibit B, which is part of the prosecution history of one Papst application. It states, "[a]fter this application issues as a patent, the patent will be asserted against third parties," and the stated purpose of the paper is to prevent third parties from raising defenses in enforcement proceedings. Papst cannot claim that its litigators are not involved with this prosecution, and indeed its proposed protective order allows them to continue doing so. See II(B)(2), below.

[2] *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1561-62 (Fed. Cir. 1983) (criticizing district court analysis for failure to consider actual negotiations in royalty analysis, and specifically also noting relevance of negotiations with third parties); *Integra Lifesciences I., Ltd. v. Merck KGaA*, Civ. No. 96CV1307-B(AJB), 2004 U.S. Dist. LEXIS 20725, at *32-33 (S.D. Cal. Sept. 7, 2004) ("back and forth negotiation regarding a license . . . provides some factual basis to assist this Court in determining a reasonable royalty"); *Dragan v. L.D. Caulk Co.,* No. 84-707-JJF, 1989 U.S. Dist. LEXIS 13966, at *29 (D. Del. Apr. 21, 1989) (actual negotiations on the patents considered).

entry 47), interrogatory 4 discussion. For example, Casio's interrogatory sought information on negotiations with third parties, including financial terms discussed, products at issue, identities of persons with the most knowledge, etc., all of which will be important to the disqualification motion. Papst has produced and now identified many documents exchanged with these companies, but significant information is still being withheld as addressed in our motion for sanctions.

Casio also recently learned that, despite the Court orders and without any notation to that effect in its response, Papst counsel apparently (they will not answer our inquiries on this issue) unilaterally placed a date restriction on the information it provided – withholding all information subsequent to the filing of the complaint. It is believed that counsel for Papst personally reduced the amounts they seek for these patents with at least some companies, and now it seems clear why Casio has not received that information even in the supplemental response ordered by the Court.

The protective order issue is intimately intertwined with the disqualification issue. If Welsh & Katz is disqualified, then Casio need not disclose its confidential technical information into the hands of a law firm that has violated two Court orders and is drafting applications it intends to cover Casio's confidential technology, and the issue of whether Welsh & Katz should have access to the Casio confidential technical information will be moot. Casio therefore respectfully suggest that the motions be addressed together. If the Court orders a complete response to our interrogatory 4 within five days, Casio will undertake to file any disqualification motion within five days thereafter.

### III. IF DISQUALIFICATION IS DENIED, THEN CASIO'S PROPOSED ORDER SHOULD BE ENTERED

#### A. The Risk Of Harm To Casio

If disqualification is denied, in the interests of cooperation, Casio will not oppose disclosure of its confidential technical documents to the Welsh & Katz firm under a suitable protective order. Given the potential harm to Casio, including the risks of disclosure to personnel involved in patent prosecution, however, Casio urges that easily-defined boundaries be provided in any protective order, and vigorously objects to the Papst proposal as unworkable and providing insufficient protections.

The Federal Rules of Civil Procedure authorize district courts to make any order which justice requires to protect a party, specifically including orders for the protection of confidential information. Fed. R. Civ. P. 26(c). In determining the appropriateness of such an order, the Court should balance the risk of disclosure against the possibility that the order will impair prosecution or defense of the other party's claims.[3] Here, protecting all Casio technical information from any person involved with patent prosecution will not harm Papst in the slightest. Indeed, Papst has made no showing why prosecutors need to see any Casio information.

Patent applications may be modified during prosecution. If Papst learns of the confidential inner workings of the Casio cameras or other technical information, the applications could be modified (deliberately or otherwise) to address those features. This was the basis for another court precluding Papst prosecution counsel from having any access to confidential information:

---

[3] *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1470 (9th Cir. 1992).

The risk of inadvertent disclosure of the Non-Papst parties' confidential information clearly outweighs the impairment, if any, of the Papst parties' ability to litigate this action. Despite the Papst parties' arguments to the contrary, it is clear that the advice and participation of the Papst parties' counsel in preparation and prosecution of patent applications related to the patents in suit is an intensely competitive decision-making activity and would be informed by access to the Non-Papst parties' confidential information. Counsel's ability to file new claims in existing and pending patents based on the confidential information discovered during the course of this litigation poses an unacceptable opportunity for inadvertent disclosure and misuse. Although the Court is confident that counsel for the Papst parties maintains the highest ethical and professional standards, the risk of inadvertent disclosure and misuse and the difficulty of distinguishing the source of the Papst parties' basis for filing new claims are great.[4]

### B.   The Order Proposed By Papst Is Unacceptable

Casio has proposed a common, simple, and easily-understood, protective order with clear provisions. A copy is provided as Exhibit A, and in the event disqualification is denied, this protective order is far better suited to this case.

The Papst proposed protective order is 14 pages of unnecessary complexity and is so limited in its restrictions that Papst litigators would be free to review the Casio Prosecution Bar materials and make suggestions on how to change the course of prosecution. Among the many problems with the Papst proposed order are the following:

**1) The "Prosecution Bar" definition**: Papst's definition is incredibly complex and far too narrow. It requires that the information meet the definition of "Confidential Information" (see point 3, below); that it concern "only" the technical aspects of the cameras; it inexplicably is limited to information concerning cameras on sale for less than two years (the Papst applications would predate cameras sold ten years ago); it would only cover information that is "relevant" to the scope of the patents-in-suit (regardless of the scope of the applications being prosecuted); it

---

[4]  *In re Papst Licensing, GmbH, Patent Litigation,* MDL No 1298, 2000 U.S. Dist. LEXIS 6374, at *11-12 (D. La. May 4, 2000).

must meet some unidentified definition of a "trade secret"; and it must not apply to information "independently developed or rightfully in the possession of a party" (breeding further disputes). This definition would be a logistical nightmare for the parties and the Court. See Papst proposed order, ¶1(c).[5]

  2) **Limitations on disclosure of Prosecution Bar material**: The restrictions Papst intends to place on prosecutors seeing the Prosecution Bar materials are not sufficient. For example, Papst left the door open for its litigators, after they see the Casio Prosecution Bar materials, to "indirectly" participate in the prosecution. Papst's litigators may make suggestions and otherwise participate in the prosecution after reviewing Casio's confidential information, so long as they deem it not to be a "direct" participation. ¶7(a). The Papst provisions also allow any law clerk or paralegal working on the prosecution to have access to the Prosecution Bar materials; there is no wall erected between the prosecutors and litigators; there is no limitation on experts seeing the Prosecution Bar materials and then consulting on the prosecution ¶7(b); and there is nothing precluding prosecutors who pursue new applications from seeing the Prosecution Bar materials. Please compare ¶4 of the Casio Proposed Order.

  3) **"Confidential information"**: Papst's definition is limited to information that would tend to damage a competitive position or violate a non-disclosure provision. ¶1(b). Thus, disputes over information kept confidential by Casio will arise. For example, Casio would be required to show how sales numbers from five years ago would damage its competitive position. Although Casio keeps this information very confidential, as do other companies, Casio would be

---

[5]  At page 6, Papst feigns concern that Casio will over-designate materials as Prosecution Bar materials and use it as a weapon against Papst. This is an admission that the Papst litigators intend to show the prosecutors as much Casio confidential technical information as possible. But with a complete litigation team, and a 50-lawyer firm, why would they need to do that?

required to meet this further showing or risk having it disclosed. Please compare ¶5 (first sentence) of the Casio Proposed Order.

**4) There is only one tier of non-technical confidential information**: Two tiers, as proposed by Casio, allows for more flexibility. Compare Casio's proposed order, ¶¶ 5 and 6.

**5) In-house counsel**: Under the Papst proposal, it will show Casio confidential information to two foreign attorneys who never have to submit to the jurisdiction of this Court or sign any undertakings. ¶6(b); compare Casio's ¶¶7, 14.

**6) Burdensome requirements for Casio**: Every redaction from any computerized media must be logged, even if not produced on grounds of relevance or other non-privileged objections ¶18.

## V. CONCLUSION

For all the foregoing reasons, Casio respectfully requests that this motion be denied and reconsidered after Casio's planned disqualification motion, and if disqualification is denied Casio requests entry of Casio's Proposed Protective Order.

Respectfully submitted,

DATED: July 9, 2007

/s/ J. Kevin Fee
Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter- Defendant Casio Inc.
and Counter-Defendant Casio Computer Co., Ltd.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

--------------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue, :
Dover, New Jersey 07801 :
: **Civil Action No. 1:06 CV 01751**
Plaintiff, : Judge: Gladys Kessler
: Magistrate Judge: Deborah Robinson
v. :
: Next status conference: 12/4/07
PAPST LICENSING GMBH & CO. KG, :
Bahnhofstrasse 33, 78112 Georgen, :
Germany :
:
Defendant. :
--------------------------------------------------------------------X
--------------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG, :
Bahnhofstrasse 33, 78112 Georgen, :
Germany :
:
Counter-Plaintiff, :
:
v. :
:
CASIO INC., 570 Mount Pleasant Avenue, :
Dover, New Jersey 07801, and CASIO COMPUTER :
CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo :
151-8543, Japan :
:
Counter-Defendants. :
--------------------------------------------------------------------X

## [PROPOSED] ORDER

Upon consideration of Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG's ("Papst") Motion for Entry of a Protective Order, it is hereby

**ORDERED** that Papst's Motion for Entry of a Protective Order is **denied** subject to reconsideration after further discovery and resolution of Casio's anticipated motion for disqualification.

1-NY/2199793.1


DATED:_____

                                                            _____
                                                            Deborah Robinson
                                                            United States Magistrate Judge